Clarence **SHORTT**

v.

David **MATHEWS, Secretary of Health, Education and Welfare.**

Civ. A. No. 75–0094.

United States District Court,
W. D. Virginia,
Roanoke Division.

Nov. 21, 1975.

James M. Roe, Fincastle, Va., for plaintiff.

Samuel G. Wilson, U. S. Atty., Roanoke, Va., for defendant.

## OPINION AND JUDGMENT

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for "black lung" benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.*

Jurisdiction is pursuant to § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The issues to be decided by this court are whether the Secretary's final decision is supported by "substantial evidence" and, if it is not, whether plaintiff has met his burden of proof as prescribed by and pursuant to the Act.

The plaintiff, Clarence Shortt, was born on March 8, 1910 and subsequently completed the fourth grade in school. Mr. Shortt went to work in the Nation's coal mines in 1925. He last worked as a miner in 1968. The Administrative Law Judge found that plaintiff had worked in excess of forty years as a coal mining employee. Mr. Shortt worked in numerous capacities in mining operations. Most of his work involved exposure to significant quantities of coal and rock dust. As a result of such exposure, Mr. Shortt now alleges that he had developed a breathing impairment of a severity sufficient to entitle him to "black lung" benefits under the Act. He has presented various medical reports and testimony in support of his claim.

In an opinion which became the final decision of the Secretary, an Administrative Law Judge denied Mr. Shortt's entitlement to benefits. The Law Judge found that plaintiff was not disabled due to pneumoconiosis, actual or presumed.

Pursuant to statutory authority, the Secretary has prescribed several standards for determining whether a living miner is totally disabled due to pneumoconiosis. The applicable criteria for such a case include: 20 C.F.R. §§ 410.414, 410.416, 410.418, 410.422, 410.424, 410.426, 410.428, and 410.490.

The court has carefully reviewed all evidence of record and concluded that there is "substantial evidence" to support the Secretary's finding that plaintiff is not entitled to the presumption of totally disabling pneumoconiosis as provided under 20 C.F.R. § 410.490(b). The roentgenographic (x-ray) evidence is simply too inconclusive for an application of § 410.490(b) which employs a purely objective set of criteria, designed to expedite the processing of claims. See 20 C.F.R. § 410.490(a). However, the court is

unable to determine that the Secretary's refusal to invoke the presumption of 20 C.F.R. § 410.414(b) is similarly supported by "substantial evidence." As it relates to claims such as Mr. Shortt's, § 410.414(b) provides a presumption that a miner is totally disabled due to pneumoconiosis, the statutory requisite for entitlement, if he demonstrates the existence of a totally disabling respiratory or pulmonary impairment. The presumption is applicable notwithstanding the existence of negative x-rays and is available only to miners of fifteen or more years.

█ The court notes that the Secretary failed to adequately apply such a "fifteen year presumption." This court has recently had occasion to review the legislative history of 30 U.S.C. § 921(c)(4) from which 20 C.F.R. § 410.414(b) was derived. See *Tonker v. Mathews,* 412 F.Supp. 823, (W.D. Va.,1976). The court noted in *Tonker* that the "fifteen year presumption" was apparently designed to resolve the difficulties caused by the seemingly endless series of chest x-ray readings and re-readings and the evidential confusion and conflict often resulting therefrom.[1] Properly applied, the "fifteen year presumption" is designed to enhance the totality of the evidence, relating to respiratory defect, in the instance where the purely objective evidence is too inconclusive to be related to the strict standards for pneumoconiosis.[2] However, in the instant case, it appears that the Secretary relied on the inconclusiveness of the x-ray reports as the grounds for denial under § 410.414(b). Clearly, such an analysis is unwarranted. *Tonker v. Mathews, supra.*

█ The court finds ample evidence demonstrating the existence of a chronic respiratory or pulmonary impairment which was so severe as to be disabling for coal mining employment. On March 20, 1973, Dr. J. P. Sutherland completed a general medical evaluation. By way of history, Dr. Sutherland noted plaintiff's shortness of breath and cough productive of phlegm. Observation revealed distant breath sounds and rales in both lung fields. Both conditions are indicative of severe lung dysfunction. Dr. Sutherland diagnosed chronic lung disease and hypertensive cardiovascular disease. Dr. Sutherland opined that the chronic lung disease had progressed to the stage that plaintiff could not do coal mining work as of 1967.[3] Dr. Gary Craft conducted a general medical examination on January 31, 1974. A summary of symptoms revealed progressive exertional dyspnea and progressive paroxysmal nocturnal dyspnea. Dr. Craft also noted a chronic dry cough. Examination revealed a marked diminution in breath sounds, bilateral rales, and distant heart sounds. Dr. Craft summarized his observations as follows:

> In my medical opinion, this man has definite pneumoconiosis which has reached the advanced stages and is easily substantiated by x-ray. It would be impossible for this man to perform substantial gainful employment in a dusty environment due to severity of his pneumoconiosis. (TR 136).

Supplementing the doctor's findings, the testimony at the administrative hearing was strongly indicative of the existence of a lung condition which is productive of significant functional limitations. Moreover, at the time of the hearing, the Administrative Law Judge noted that plaintiff suffered from visible respiratory discomfort. (TR

1. S.R. 743, 92d Cong., 2d Session, 2, (1972), U.S.Code Cong. & Admin.News 1972, p. 2305.

2. In amending the "Black Lung Act of 1969", Congress in 1972 confronted the medical uncertainty so prevalent in "black lung" claims as follows:
 The Black Lung Benefits Act of 1972 is intended to be a remedial law—to improve upon the 1969 provisions so that cases which should be compensated, will be compensated. In the absence of definitive medical conclu-

sions there is a clear need to resolve doubts in favor of disabled miners or his survivors. S.R. No. 743, 92d Cong., 2d Session, 11, (1972), U.S.Code Cong. & Admin.News 1972, p. 2315.

3. Congress clearly intended the Secretary to consider such evidence both in regard to the question of existence of the disease as well as to the question of disability. S.R. No. 743, 92d Cong., 2d Session, 19, (1972).

13). Finally, plaintiff's long career as a miner in itself constitutes relevant evidence of exposure which must be considered with and related to the medical evidence of record. *Tonker v. Mathews, supra.* In summary, the record as a whole obviously establishes the existence of a chronic respiratory impairment which is so severe as to be totally disabling in itself.

 Even if a claimant does demonstrate evidence of lung impairment as described under 20 C.F.R. § 410.414(b)(1), the Secretary may rebut the "fifteen year presumption" of disabling pneumoconiosis by establishing that the miner does not in fact have the disease or that the disease did not arise out of coal mining employment. 20 C.F.R. § 410.414(b)(2). However, the court finds that just as the inconclusiveness of the x-ray evidence is sufficient for a denial under § 410.490(b), the same inconclusiveness precludes the Secretary's rebuttal of the "fifteen year presumption" of § 410.414(b) in that the Secretary cannot establish that the plaintiff does not have pneumoconiosis. Moreover, the court notes that the definition of pneumoconiosis under the Regulations is very broad, especially in the instance where the burden of proof under § 410.414(b) is otherwise met. See 20 C.F.R. § 410.110(0)(2). Finally, since Mr. Shortt's impairment obviously arose out of his lifelong work in the mines, the presumption cannot be rebutted.

 The Black Lung Act, as amended, was intended to be remedial in nature and liberally construed in application. To deny Mr. Shortt's claim for "black lung" benefits would be contrary to the evidence of record and the intent of Congress. The court is constrained to conclude that the Secretary's final decision is not supported by "substantial evidence." Defendant's motion for summary judgment is denied. Upon the finding that plaintiff has met his burden of proof prescribed by and pursuant to the Act, judgment will be entered for plaintiff. Thus, the final decision of the Secretary is reversed, and the case remanded for the establishment of proper benefits.